UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:25-CV-00046-GNS-HBB

JESSICA L.                                                                          PLAINTIFF

v.

FRANK BISIGNANO,
Commissioner of Social Security                                                     DEFENDANT

### ORDER

This matter is before the Court on Plaintiff's Objection (DN 17) to the Magistrate Judge's

Findings of Fact, Conclusions of Law, and Recommendation (DN 16).

### I.      BACKGROUND

On December 8, 2021, Plaintiff Jessica L. ("Plaintiff") filed a protective application for

social security disability insurance benefits.  (Admin. R. 185-87, 190-96, DN 7).  Plaintiff

alleged that her disability began on December 2, 2021, due to fibromyalgia, bursitis of the

shoulders and back, tendinitis of the shoulders and back, tendinosis of the shoulder and back,

migraines or myofascial pain syndrome, depression, polycystic ovary syndrome ("PCOS"), and

irritable bowel syndrome ("IBS").  (Admin. R. 190, 209).  Her application was denied initially

and again upon reconsideration.  (Admin. R. 72-73).  Plaintiff then requested and was granted a

hearing with an Administrative Law Judge ("ALJ").  (Admin. R. 103-104, 144-57).

Following the hearing, the ALJ issued a written decision determining that Plaintiff was

not under a disability from December 2, 2021, through the date of the ALJ's decision.  (Admin.

R. 18-30).  After Plaintiff's request for review of the ALJ's decision was denied by the Appeals

Council, the ALJ's decision became the final decision of the Commissioner of Social Security.

1

(Admin. R. 1-7). Plaintiff then filed this action appealing that decision. (Compl., DN 1). The matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1). (R. & R. 1, DN 16). The Magistrate Judge filed a Report and Recommendation ("R. & R.") in which it was recommended that the ALJ's decision be affirmed and judgment be entered for the Commissioner. (R. & R. 11). Plaintiff objected to the R. & R. (Pl.'s Obj. R. & R., DN 17 [hereinafter Pl.'s Obj.].

## II.    STANDARD OF REVIEW

Upon timely objection to a Magistrate Judge's proposed finding of fact and recommendations for disposition produced under 28 U.S.C. § 636(b)(1), the Court is generally required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *accord* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). There is an exception to this general rule, however, when an objection "merely incorporates portions of a [party]'s prior motion . . . ." *United States v. Ickes*, No. 1:15-CR-00004-GNS-2, 2017 WL 1017120, at *1 (W.D. Ky. Mar. 15, 2017) (citation omitted). Such an objection does not rise to the level of a "'specific written objection[s] to the proposed findings and recommendations' as required by Rule 72(b)(2)." *Id.* (alteration in original) (citation omitted). "[A] reexamination of the exact same argument that was presented to the magistrate judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Id.* (quoting *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). When presented with an objection that only repeats arguments raised to the Magistrate Judge, the Court should review the objection only for clear error. *Id.*; *accord Manigaulte v. C.W. Post of Long Island*

2

*Univ.*, 659 F. Supp. 2d 367, 372 (E.D.N.Y. 2009) ("[W]hen a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." (alteration in original) (citation omitted)). "Clear error will be found only when the reviewing court is left with the definite and firm conviction that a mistake has been committed." *Max Trucking, LLC v. Liberty Mut. Ins. Corp.*, 802 F.3d 793, 808 (6th Cir. 2015) (citing *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985)).

In reviewing the administrative decision underlying a Magistrate Judge's report and recommendation, the Court must consider: "(1) 'whether the findings of the ALJ are supported by substantial evidence' and (2) 'whether the ALJ applied the correct legal standards.'" *Chaney v. Kajikazi*, No. 5:21-CV-112-TBR, 2022 WL 3586213, at *2 (W.D. Ky. Aug. 22, 2022) (quoting *Miller v. Comm'r of Soc. Sec.*, 811 F.3d 825, 833 (6th Cir. 2016)). "Substantial evidence is defined as more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks omitted) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)). "When substantial evidence supports an ALJ's decision, we affirm even if we would have decided differently and even if substantial evidence also supports the opposite conclusion." *Id.* (internal citations omitted) (quoting *Francis v. Comm'r Soc. Sec. Admin.*, 414 F. App'x 802, 805 (6th Cir. 2011)).

### III.    DISCUSSION

Plaintiff contends that the Magistrate Judge erred in concluding that the ALJ had properly evaluated her primary headache disorder under Social Security Ruling ("SSR") 19-4p and in conducting the Listing 11.02 analysis. (Pl.'s Obj. 1-3). She asserts that the R&R failed to analyze whether the ALJ considered her photophobia, improperly relied on the results of an MRI

because it is not a diagnostic tool, and ignored more than two years of treatment notes documenting the lack of improvement from medication.  (Pl.'s Obj. 2-3).

At the third step, an ALJ must determine whether a claimant's impairments are equivalent to a listing, but "20 C.F.R. § 404.1526 does not state that the ALJ must articulate, at length, the analysis of the medical equivalency issue."  *Bledsoe v. Barnart*, 165 F. App'x 408, 411 (6th Cir. 2006).  Rather, an "ALJ should review all evidence of impairments to see if the sum of impairments is medically equivalent to a 'listed impairment.'"  "There is no error if the ALJ does not make specific findings at Step Three so long as the ALJ makes sufficient factual findings elsewhere in the decision that support the ALJ's Step Three conclusions."  *Marvich v. Comm'r of Soc. Sec.*, No. 4:23-CV-00833-DAC, 2024 WL 1075465, at *14 (N.D. Ohio Mar. 12, 2024) (citing *Forrest v. Comm'r of Soc. Sec.*, 591 F. App'x 359, 366 (6th Cir. 2014)).

Plaintiff contends that the ALJ failed to properly explain her analysis as Listing 11.00, including failing "to provide an explanation as to why migraines (which were a severe impairment) do not specifically meet the requirements of Listing 11.02.  (Pl.'s Obj. 2).  As this Court has noted:

> [T]he regulations do not specify how much discussion an ALJ must provide regarding those Listings as to which a substantial question is raised.  The Sixth Circuit has held that in evaluating whether a claimant has met or equaled a particular Listing, an ALJ must "actually evaluate the evidence, compare it to . . . the [relevant] Listing, and give an explained conclusion, in order to facilitate meaningful judicial review."  *Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 416 (6th Cir. 2011).  But the Court does not construe this as a heightened articulation requirement because, as the Sixth Circuit has also held, the applicable regulations only require the ALJ to consider whether the Listings are applicable; they do not require the ALJ to provide "good reasons" as in the context of the former treating physician rule.  *Forrest v. Comm'r of Soc. Sec.*, 591 F. App'x 359, 365 (6th Cir. 2014) (citing 20 C.F.R. §§ 404.1520(a)(3), (a)(4)(iii) and *Bowie v. Comm'r of Soc. Sec.*, 539 F.3d 395, 400 (6th Cir. 2008), as amended); *Bledsoe v. Barnhart*, 165 F. App'x 408, 411 (6th Cir. 2006).  Nor do the applicable regulations regarding the Listings require an ALJ to explain how he or she

considered particular factors as they do in the context of the rules applicable to opinion evidence.

*Cynthia W. v. Comm'r of Soc. Sec.*, No. 3:23-CV-00559-CHL, 2025 WL 791637, at *4 (W.D. Ky. Mar. 12, 2025 (second and third alterations in original) (citing 20 C.F.R. § 404.1520c(b)(2)). "[A]n ALJ [is not required] to discuss every piece of evidence in the record."  *Showalter v. Kijakazi*, No. 22-5718, 2023 WL 2523304, at *3 (6th Cir. Mar. 15, 2023) (citing *Loral Def. Sys.- Akron v. NLRB*, 200 F.3d 436, 453 (6th Cir. 1999)); *see also Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006) ("[A]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party.  Nor must an ALJ make explicit credibility findings as to each bit of conflicting testimony, so long as his factual findings as a whole show that he implicitly resolved such conflicts." (quoting *Loral Def. Sys.-Akron*, 200 F.3d at 453)).  The proper consideration is whether "the ALJ's decision, read as a whole, somewhere 'provide[s] a sufficient explanation for a court to determine the basis for [an] unfavorable finding about medical equivalence . . . .'"  *Id.* at *5 (second alteration in original) (quoting *Jandt v. Saul*, No. 1:20-CV-00045-HBB, 2021 WL 467200, at *9 (W.D. Ky. Feb. 9, 2021)).

In her decision, the ALJ analyzed whether Plaintiff's impairments met any of the conditions in Listing 11.00.  (Admin. R. 23-24).  While migraines are not a listed impairment, guidance from the Social Security Administration directs an ALJ to compare primary headache disorders with paragraphs B and D of Listing 11.02 to determine medical equivalency.  *See* SSR 19-4p, 84 Fed. Reg. 44667, 44671 (Aug. 26, 2019).  Pursuant to SSR 19-4p, an ALJ is to conduct such an evaluation as follows:

> Paragraph B of listing 11.02 requires dyscognitive seizures occurring at least once a week for at least 3 consecutive months despite adherence to prescribed treatment.  To evaluate whether a primary headache disorder is equal in severity

5

and duration to the criteria in 11.02B, we consider:  A detailed description from an [acceptable medical source] of a typical headache event, including all associated phenomena (for example, premonitory symptoms, aura, duration, intensity, and accompanying symptoms); the frequency of headache events; adherence to prescribed treatment; side effects of treatment (for example, many medications used for treating a primary headache disorder can produce drowsiness, confusion, or inattention); and limitations in functioning that may be associated with the primary headache disorder or effects of its treatment, such as interference with activity during the day (for example, the need for a darkened and quiet room, having to lie down without moving, a sleep disturbance that affects daytime activities, or other related needs and limitations).

*Id.*

While Plaintiff contends that the ALJ overlooked her photophobia and failed to conduct a proper analysis at both steps three and four, the analysis for step three in the ALJ's decision notes that "[s]ymptoms of primary headache disorder, such as photophobia, may cause a person to have difficulty sustaining attention and concentration.  I have included any related limitations in the residual functional capacity below in accordance with SSR 19-4p." (Admin. R. 24).  The ALJ explained that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record . . . ."  (Admin. R. 25).  At length, the ALJ discussed Plaintiff's symptoms, her medical treatment (including medications), the report from the consultative examiner (Dr. Kathy Seigler), and the reports from the state agency medical consultants (Drs. Douglas Back and Christine Booth).  (Admin. R. 24-28).  Drs. Back and Booth opined that Plaintiff's migraine headaches were not equal to any of the limited impairment or qualified as a severe impairment.  (Admin. R. 68, 77).  Overall, the ALJ's decision reflects a review and consideration of Plaintiff's medical treatment, including medications and surgery, and as the ALJ's noted, Plaintiff's symptoms improved with medication and following surgery.  (Admin. R.

6

27-28).  The ALJ found that Plaintiff's impairments did not support a finding that her migraines met or medically equaled Listing 11.02.  (Admin R. 23).

Plaintiff is critical of the ALJ's review of her treatment notes as to whether medication was a successful in reducing her migraines and asserts that "there are over two years of treatment notes where medication did not *work* . . . ."  (Pl.'s Obj. 3).  This is a general objection because Plaintiff does not cite to the treatment notes at issue in the record.  After receiving the record for clear error on this issue, the Court finds no mistake warranting reversal of the ALJ's decision.

Plaintiff also takes issue with the use of an MRI as a diagnostic tool.  SSR 19-4p, however, provides that "[t]o rule out other medical conditions that may result in the same or similar symptoms, a physician may also conduct laboratory tests or imaging scans."  SSR 19-4p, 84 Fed. Reg. at 44669.  It further explains:

> [P]hysicians may use magnetic resonance imaging (MRI) to rule out other possible causes of headaches—such as a tumor—meaning that an unremarkable MRI is consistent with a primary headache disorder diagnosis.  . . . A scan may describe an incidental abnormal finding, which does not preclude the diagnosis of a primary headache disorder.  While imaging may be useful in ruling out other possible causes of headache symptoms, it is not required for a primary headache disorder diagnosis.

*Id.* at 44669 (internal footnote omitted).  Thus, it is not improper to consider the results of an MRI in evaluating the evidence relating to Plaintiff's claim for benefits.

The ALJ's decision reflects a review and consideration of Plaintiff's medical treatment, including medications and surgery, in making the RFC determination.  (Admin. R. 25-28).  That determination is consistent with the record, which reflects that Plaintiff experienced some relief due to medication and surgery.  (Admin. R. 573, 628-29, 633-634, 637, 784, 828).  As the Sixth Circuit has recognized, it is relevant for an ALJ to consider whether the claimant's "symptoms often improved with medication and treatment" when evaluating her RFC at the fourth step.  *See*

*Torres v. Comm'r*, 490 F. App'x 748, 754 (6th Cir. 2012).  This evidence reflects that Plaintiff's migraines did improve from medication and following surgery.  Overall, the record supports the ALJ's determination.

## IV.    CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's Objection (DN 17) is **OVERRULED**, the Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation (DN 16) is **ADOPTED**, and judgment is **GRANTED** for the Commissioner. The Clerk shall strike this matter from the active docket.

**Greg N. Stivers, Judge**
**United States District Court**
March 31, 2026

cc:    counsel of record